DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

SAID HASSEN AND KAREN HASSEN[1],    )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )       Civil No. 15-38
                                     )
GOVERNMENT OF THE VIRGIN ISLANDS )
AND VIRGIN ISLANDS BUREAU OF         )
INTERNAL REVENUE                     )
                                     )
                Defendant.           )
_____)


**APPEARANCES:**


**Alexander Golubitsky**
St. Thomas, VI
       *For the Said Hassen and Karen Hassen,*


**Claude Walker, AAG**
**Hugh A. Greentree, AG**
**Tamika Archer, AG**
Department of Justice
St. Thomas, VI
       *For the Government of the Virgin Islands and the Virgin
       Islands Bureau of Internal Revenue.*

---

[1] The Complaint and First Amended Complaint each refer to the plaintiffs'
surname as "Hassen." At the same time, each party and the Court has at some
point referred to the plaintiffs' surname as "Hassan." Given that the
Complaint, in all its iterations, has referred to the plaintiffs' surname as
"Hassen;" and that the powers of attorney signed by the plaintiffs, ECF No.
1-2 and 1-3, which are attached to the Complaint, use the name "Hassen," the
Court henceforth will use "Hassen" when referring to the surname of the
plaintiffs.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 2

## MEMORANDUM OPINION[2]

**GÓMEZ, J.**

Before the Court is the motion of the Government of the Virgin Islands and the Virgin Islands Bureau of Internal Revenue to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I.   PROCEDURAL AND FACTUAL HISTORY

Said Hassen and Karen Hassen (the "Hassens") are a married couple who live in the United States Virgin Islands. The Virgin Islands Bureau of Internal Revenue ("VIBIR") is a government agency responsible for the administration and enforcement of the Internal Revenue tax laws of the United States Virgin Islands. The VIBIR determined that the Hassens owed $5,812.76 in income taxes for the 2004 tax year (the "2004 tax debt"). On or about May 31, 2012, the Hassens agreed with the VIBIR to pay $30,000 for tax debts owed to the VIBIR.[3]

On June 11, 2013, the Hassens asked the VIBIR to permit the Hassens to pay the 2004 tax debt in installments. The VIBIR did not respond to the request. On December 26, 2013, the Hassens renewed their request for an installment payment plan to satisfy

---

[2] On March 31, 2016, the Court granted the defendants' motion to dismiss. This memorandum opinion provides the reasoning for the Court's March 31, 2016, order.
[3] The Complaint is unclear as to what tax years the $30,000 pertains.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 3

the 2004 tax debt. The VIBIR did not respond to the second request.

On December 12, 2014, the VIBIR issued a levy against a Banco Popular bank account held by the Hassens. On March 30, 2015, the VIBIR issued a levy against Bank of New York Mellon bank accounts held by the Hassens. On April 8, 2015, the VIBIR issued a levy against a Bank of Nova Scotia bank account held by the Hassens. On April 27, 2015, the Hassens filed the instant complaint alleging wrongful levy, pursuant to 26 U.S.C. § 7433. The Complaint's prayer for relief further requests "damages from the wrongful levy demonstrated at trial, or damages not exceeding $100,000.00 if the BIR's conduct is determined to be the result of negligence[.]" *Compl.* at 5; *Am. Compl.*, ECF No. 13 at 6. The VIBIR did not file an Answer to the Complaint.

On June 9, 2015, the VIBIR moved to dismiss the Complaint. The VIBIR argues that this Court lacks subject matter jurisdiction over this matter due to the Hassens' alleged failure to exhaust their administrative remedies. The VIBIR also asserts that the Hassens have failed to state a claim upon which relief can be granted.

On July 20, 2015, the Hassens filed an Amended Complaint. The Amended Complaint consisted of the same single count as the

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 4

April 27, 2015, Complaint, wrongful levy. On August 12, 2015, the VIBIR renewed its motion to dismiss.

## II. <u>DISCUSSION</u>

### A. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 892 n. 17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891–92; *see also Taliaferro v. Darby Township. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006)(summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

### B. Failure to State a Claim

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 5

the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires

the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, ... 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[4]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

---

[4] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 7

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)

(quoting *Iqbal,* 556 U.S. at 674, 679).

### III. <u>ANALYSIS</u>

**A. Mirror Tax System**

Before embarking on a review of the motion to dismiss, it is useful to understand the unique tax system which governs taxpayer obligations in the Virgin Islands. In the Naval Appropriations Act of July 12, 1921[5], Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code[,]" *HMW Indus., Inc. v. Wheatley*, 504 F.2d 146, 160 (3d Cir. 1974), save those provisions of the Internal Revenue Code which conflict with the Virgin Islands distinct Tax structure. In some instances, certain provisions of the Internal Revenue Code have been incorporated into Title 33 of the Virgin Islands Code. *WIT Equip. Co., Inc. v. Dir. V.I. Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 503 (D.V.I. 2001). Even where there has been no "codif[ication] locally . . . all provisions of the I.R.C. have

---

[5] The Naval Appropriations Act provides in pertinent part:

> The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands....

48 U.S.C. § 1397.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 8

force in the Virgin Islands unless they are 'manifestly

inapplicable or incompatible with a separate territorial income

tax.'" *Id.* (quoting *Chicago Bridge & Iron Co. v. Wheatley*, 430

F.2d 973, 976 (3d Cir. 1970)(citations omitted) *cert. denied*,

401 U.S. 910). "The result of [the Naval Appropriations Act] has

been. . . a 'mirror system' of taxation under which Virgin

Islands residents discharge their United States tax liability by

paying all income taxes directly to the Treasury of the Virgin

Islands." *Abramson Enters., Inc. v. Gov't of the V.I.*, 994 F.2d

140, 142 (3d Cir. 1993) *cert. denied*, 510 U.S. 965.

**B. The Effect of Non-Compliance with the Exhaustion Requirement
of 26 U.S.C. § 7433 on Subject Matter Jurisdiction**

The VIBIR argues that the Court is without jurisdiction to

hear this matter because the Hassens failed to comply with the

exhaustion requirement outlined in 26 U.S.C. § 7433

("Section 7433"). As such, the government asserts that dismissal

is required.

To assess the government's argument, it is useful to

appreciate the statutory, regulatory, and jurisprudential

landscape in which this case presents itself. In pertinent part,

Section 7433 provides:

>         (a) In general.--If, in connection with any
>     collection of Federal tax with respect to a
>     taxpayer, any officer or employee of the
>     Internal Revenue Service recklessly or

intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(d) Limitations.—

(1) Requirement that administrative remedies be exhausted.-- A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433.

The procedure for filing an administrative claim is outlined at 26 C.F.R. § 301.7433-1(e). That section, in pertinent part, provides:

(e) Procedures for an administrative claim-(1) Manner. An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

(2) Form. The administrative claim shall include:
(i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
> (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

26 C.F.R. § 301.7433-1(e).

In *Venen v. United States*, 38 F.3d 100, 101 (3d Cir. 1994), the Third Circuit addressed a taxpayer claim brought pursuant to Section 7433 against the United States. In that case, the IRS alleged that David Venen ("Venen") owed taxes for a ten-year period between 1977 and 1986. *See id.* at 102. The IRS issued a series of levies against Venen's salary and bank account. *See id*. Venen negotiated with the IRS in an attempt to have the

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 11

levies removed. *See id*. Venen did not file a claim in accordance
with the provisions of 26 C.F.R. § 301.7433-1(e). *See id.* at
103. Rather, after having received no response to an inquiry,
Venen brought suit in a district court alleging "unauthorized
tax collection actions under 26 U.S.C. § 7433 (Counts I, III and
IV); failure to release a tax lien under 26 U.S.C. §
7432 (Counts II and V); and unauthorized disclosure of tax
return information under 26 U.S.C. § 7431 (Count VI)." *Id*. at
102. The district court dismissed the action on a motion for
summary judgment. *See id.* at 101.

The Third Circuit stated that "[7433] require[s] a
plaintiff to exhaust administrative remedies before filing a
civil suit. Failure to exhaust deprives the court of
jurisdiction." *Id.* at 103 (internal citations omitted). The
Third Circuit affirmed the district court's dismissal of Venen's
action. *See id.* at 104.

Since *Venen* was decided, the Supreme Court, in *Arbaugh v. Y
& H Corp.*, 546 U.S. 500, 503 (2006), addressed "the distinction
between two sometimes confused or conflated concepts: federal-
court subject-matter jurisdiction over a controversy; and the
essential ingredients of a federal claim for relief." *Id.*
(internal quotations omitted). In that case, Jennifer Arbaugh
("Arbaugh") filed a Title VII action against her employer, Y & H

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 12

Corp ("Y & H"). *See id.* at 503-04. "The case was tried to a
jury, which returned a verdict for Arbaugh in the total amount
of $40,000." *Id.* at 504. "Two weeks after the trial court
entered judgment on the jury verdict, Y & H moved to dismiss the
entire action for want of federal subject-matter jurisdiction."
*Id*. Y & H asserted that it did not have a sufficient number of
employees to satisfy one of Title VII's requirements. *See id*.
The district court dismissed the case for a lack of subject
matter jurisdiction because it interpreted the requirement for a
specific number of employees to be jurisdictional in nature. *See
id*.

The Supreme Court noted that "[i]f the limitation
conditions subject-matter jurisdiction, as the lower courts held
it did, then a conclusion that Y & H had fewer than 15 employees
would require erasure of the judgment for Arbaugh entered on the
jury verdict. But if the lower courts' subject-matter
jurisdiction characterization is incorrect, and the issue,
instead, concerns the merits of Arbaugh's case, then Y & H
raised the employee-numerosity requirement too late." *Id.* at
510. The Supreme Court held that the numerosity requirement was
not jurisdictional. *See id.* at 514-15. In particular, the
*Arbaugh Court* stated that

> neither § 1331, nor Title VII's jurisdictional
> provision, 42 U.S.C. § 2000e-5(f)(3)
> (authorizing jurisdiction over actions
> "brought under" Title VII), specifies any
> threshold ingredient akin to 28 U.S.C. §
> 1332's monetary floor. Instead, the 15-
> employee threshold appears in a separate
> provision that "does not speak in
> jurisdictional terms or refer in any way to
> the jurisdiction of the district
> courts." *Zipes v. Trans World Airlines,
> Inc.,* 455 U.S. 385, 394, 102 S.Ct. 1127, 71
> L.Ed.2d 234 (1982). Given the "unfair[ness]"
> and "waste of judicial resources," App. to
> Pet. for Cert. 47, entailed in tying the
> employee-numerosity requirement to subject-
> matter jurisdiction, we think it the sounder
> course to refrain from constricting § 1331
> or Title VII's jurisdictional provision, 42
> U.S.C. § 2000e-5(f)(3), and to leave the ball
> in Congress' court. If the Legislature clearly
> states that a threshold limitation on a
> statute's scope shall count as jurisdictional,
> then courts and litigants will be duly
> instructed and will not be left to wrestle
> with the issue. See *Da Silva,* 229 F.3d, at
> 361 ("Whether a disputed matter concerns
> jurisdiction or the merits (or occasionally
> both) is sometimes a close question."). But
> when Congress does not rank a statutory
> limitation on coverage as jurisdictional,
> courts should treat the restriction as
> nonjurisdictional in character. Applying that
> readily administrable bright line to this
> case, we hold that the threshold number of
> employees for application of Title VII is an
> element of a plaintiff's claim for relief, not
> a jurisdictional issue.

*Id.* at 514-16.

In *Good v. I.R.S.*, 629 F. App'x 185 (3d Cir. 2015), the

Third Circuit briefly acknowledged *Arbaugh*'s potential effect on

the Third Circuit's previous holding that Section 7433's

exhaustion requirement is jurisdictional. The *Good Court* stated:

> The other relevant statute relied upon by the
> Goods is 26 U.S.C. § 7433, which permits a
> taxpayer to bring a suit for civil damages for
> certain unauthorized collection actions. This
> statute requires the taxpayer to first exhaust
> "the administrative remedies available to such
> [taxpayer] within the [IRS]." 26 U.S.C. §
> 7433(d)(1). More than two decades ago,
> in *Venen v. United States,* 38 F.3d 100, 103
> (3d Cir. 1994), we characterized this
> exhaustion requirement as jurisdictional.
> However, in light of the Supreme Court's
> subsequent decision in *Arbaugh v. Y & H
> Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 163
> L.Ed.2d 1097 (2006), other courts of appeals
> have recently concluded that this exhaustion
> requirement is *not* jurisdictional. *See Gray
> v. United States,* 723 F.3d 795, 798 (7th Cir.
> 2013) (collecting cases). We need not revisit
> that issue here because, under either
> approach, dismissal of the Goods' amended
> complaint with prejudice was warranted.

*Id.* at 188 (emphasis in original).

   *Hoogerheide v. I.R.S.*, 637 F.3d 634 (6th Cir. 2011),

provides useful guidance in the disposition of this matter. In

that case, "the IRS tried to collect some of [Kenneth

Hoogerheide's ("Hoogerheide")] unpaid taxes by auctioning a

piece of real estate he owned." *Id.* at 635. "Hoogerheide

responded by offering a compromise and, later that month, by

requesting a hearing." *Id.* "Over the next few months,

Hoogerheide's counsel sent fifteen more letters to various IRS

officials and the Taxpayer Advocate Office about his situation." *Id.* "The IRS sold Hoogerheide's property." *Id.* Two years later, Hoogerheide filed an action against the IRS and several of its employees. *See id.* at 636. The district court dismissed the claims against the individual employees for failure to prosecute. *See id.* Hoogerheide subsequently withdrew most of his remaining claims except for a request for a temporary restraining order and a request for damages under Section 7433. *See id.* The district court dismissed the claims for lack of subject matter jurisdiction. *See id.* Hoogerheide had not exhausted his administrative remedies. *See id.*

On appeal, the Sixth Circuit performed an analysis of Section 7433's jurisdictional nature in light of the Supreme Court's *Arbaugh* decision. *See id.* at 636-37. In particular, the Sixth Circuit stated that:

> Three interlocking statutes and regulations define the terms and conditions for bringing this type of lawsuit. *One,* § 7433(a) permits a taxpayer to bring "a civil action for damages against the United States" if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence" violates a provision of the Internal Revenue Code. 26 U.S.C. § 7433(a). *Two,* § 7433(d) provides that "[a] judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff." *Id.* § 7433(d). *Three,* a Treasury Regulation

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 16

> provides one of the administrative remedies
> that must be exhausted: "An administrative
> claim ... shall be sent in writing to the Area
> Director, Attn: Compliance Technical Support
> Manager of the area in which the taxpayer
> currently resides." 26 C.F.R. § 301.7433-
> 1(e)(1). The regulation adds that this
> administrative claim must include "[t]he
> dollar amount of the claim," *id.* § 301.7433-
> 1(e)(2)(iv), "[a] description of the injuries
> incurred by the taxpayer filing the
> claim," *id.* § 301.7433-1(e)(2)(iii), and
> "[t]he name, current address, current home and
> work telephone numbers and any convenient
> times to be contacted ... of the taxpayer
> making the claim," *id.* § 301.7433-1(e)(2)(i).
>
> *Arbaugh*'s "readily administrable bright[-
> ]line" rule places this exhaustion requirement
> on the nonjurisdictional side of the line. The
> requirement "does not speak in jurisdictional
> terms or refer in any way to the jurisdiction
> of the district courts." *Zipes v. Trans World
> Airlines, Inc.,* 455 U.S. 385, 394, 102 S. Ct.
> 1127, 71 L.Ed.2d 234 (1982). It provides a
> limitation on an "award" of a "judgment for
> damages," 26 U.S.C. § 7433(d), not on the
> federal courts' jurisdiction. "Under *Arbaugh,*
> we look to see if there is any 'clear'
> indication that Congress wanted the rule to be
> 'jurisdictional,'" and "[t]he terms of [§
> 7433(d)] do not suggest, much less provide
> clear evidence, that the provision was meant
> to carry jurisdictional consequences."
> *Henderson v. Shinseki,* --- U.S. ----, 131
> S.Ct. 1197, 1204, 179 L.Ed.2d 159 (2011).

*Id.* at 636-37. The Sixth Circuit affirmed the dismissal of the

complaint for failure to exhaust administrative remedies. *See*

*id.* at 635.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 17

Having examined the Supreme Court's instructions in *Arbaugh*, Section 7433's statutory language, and the caselaw examining Section 7433 after *Arbaugh* was decided, the Court finds the greater, and more persuasive, weight of authority supports the conclusion that failure to exhaust administrative remedies in accordance with Section 7433 does not raise a jurisdictional bar to relief.[6] Accordingly, the Court holds that Section 7433 does not "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," *Arbaugh*,546 U.S. at 515, in a manner that the Supreme Court counsels is necessary to make a statute jurisdictional.

In light of that holding, the VIBIR, insofar as it seeks dismissal for want of jurisdiction for failure to exhaust administrative remedies, cannot obtain the relief it seeks. Even so, a failure to exhaust may result in a plaintiff having failed to state a claim. As the *Hoogerheide Court* explained, "Section 7433(d) is mandatory. It is a congressionally established exhaustion imperative, not a judicially created one, and accordingly the courts lack discretion to waive it."

---

[6] The Court treads cautiously in this respect as *Venen*'s holding with respect to the jurisdictional nature of Section 7433 has not explicitly been overruled; and the Court is duty bound to follow the holding of the circuit. At the same time, the Court is guided in reaching its conclusion by the Supreme Court's instructions in *Arbaugh*, which the Third Circuit has not yet addressed in the context of Section 7433, as well as the arguably tentative language in *Good* surrounding the jurisdictional effect of a failure to exhaust.

*Hoogerheide*, 637 F.3d at 639 (citing *Booth v. Churner,* 532 U.S. 731, 741 (2001)). As such, the Court will next assess whether the Hassens have failed to state a claim.

## B. The Duty to Exhaust Administrative Remedies

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013)(quoting *Robinson v. Dalton,* 107 F.3d 1018, 1020 (3d Cir. 1997)).

> The doctrine has been said to serve the following purposes: It (1) promotes administrative efficiency by "preventing premature interference with the agency processes," (2) respects executive autonomy by allowing an agency the "opportunity to correct its own errors," (3) facilitates judicial review by affording courts the benefit of the agency's experience and expertise, and (4) serves judicial economy by having the agency or other tribunal rather than the district court, compile a factual record. When a party presses a constitutional claim, exhaustion serves the additional purpose of furthering parsimony in judicial decision making; an agency or tribunal decision favorable to the private party and based on the facts, regulations, or statute prevents the creation of unnecessary constitutional precedent. Finally, requiring exhaustion "also exemplifies deference within the constitutional framework to Congress's decision as to the proper forum for the initial resolution of disputes under its statutes."

*Cerro Metal Prods. v. Marshall*, 620 F.2d 964, 970-71 (3d Cir. 1980).

"Failure to exhaust administrative remedies is an affirmative defense, in the nature of statutes of limitation." *Slingland*, 542 F. App'x 191 (internal quotations omitted). "[I]t is grounds for dismissal on a Rule 12(b)(6) motion, provided that the defendant has met the burden of pleading ... that the plaintiff has failed to exhaust administrative remedies." *Id.* (quoting *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir.1997)); *Jones v. Bock*, 549 U.S. 199, 216 (2007)("failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"); *Hoogerheide*, 637 F.3d at 639 (dismissing a claim under Section 7433 when the Complaint and documentation attached thereto established a failure to exhaust administrative remedies).

Here, the VIBIR has raised the affirmative defense of failure to exhaust. As such, the Court will examine the Complaint and its attachments to determine whether the Hassens' pleadings establish that the Hassens did not exhaust their administrative remedies. To that end, *Venen* is instructive.

Indeed, while *Venen*'s holding that the failure to exhaust administrative remedies contemplated by Section 7433 is

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 20

jurisdictional *may* be at odds with *Arbaugh*, *see Hoogerheide*, 637

F.3d at 638-39; *Good v. I.R.S.*, 629 F. App'x at 188, *Venen*'s

description of what is required to exhaust administrative

remedies remains undisturbed. Significantly, *Venen* recognized

that

> Treasury regulations specify the
> administrative remedies to exhaust.
> Administrative remedies . . . for section
> 7433 are found in Treasury Regulation §
> 301.7433-1. [The] regulations apply to civil
> actions ... filed in federal district court
> after January 30, 1992. . .
> An administrative claim for unauthorized
> collection actions . . . must include
> identifying information, the grounds for the
> claim, a description of injuries, and the
> amount of the claim. *See* Treas. Reg. §
> 301.7433-1(e).

*Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994)(internal

citations and quotation marks omitted).

In *Venen*, the Third Circuit found two bases for concluding

that the taxpayer's letter was deficient. *See id.*

> Venen's letter is inadequate to trigger
> administrative review both because it is
> addressed to a revenue agent and not to the
> district director, and because it does not
> specify the grounds for relief, *see* Treas.
> Reg. §§ 301.7432-1(f) and 301.7433-1(e).

*Id.* (internal citations omitted). *Venen* acknowledged that "a

failure to petition the IRS correctly is a failure to exhaust

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 21

even if the IRS does not inform a taxpayer of proper

procedures." *Id.*

The Hassens state in their Amended Complaint that they have

"fully exhausted their administrative remedies, by imploring the

[VIBIR] to enter into a payment agreement on two separate

occasions." *Am. Compl.*, ECF No. 13 at ¶ 31. What precisely is

involved with "[i]mploring the [VIBIR] to enter into a payment

agreement on two separate occasions," *Id.* at ¶ 31, is unclear to

the Court. The Hassens provided two letters with their

Complaint. The letters appear to be the "two separate occasions"

where the Hassens implored the VIBIR "to enter into a payment

agreement. . . ." *Id.* at ¶ 31.

Having examined the letters attached to the Complaint[7], the

Court finds that the letters do not contain the information

required by 26 C.F.R. § 301.7433-1(e).[8] For example, the Hassens

---

[7] "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271.

[8] The Court notes that each letter clearly states its purpose, and that purpose was never to pursue an administrative claim. The June 11, 2013, letter states that it was written "in order to request an installment agreement of the Taxpayers and to request a transcript of assessments and payments for all years for which the taxpayers owe taxes . . . ." ECF No. 1-2 at 1. The December 26, 2013, letter states that "First, the purpose of this letter is to confirm that the Taxpayers have no income tax filing requirement for 2005 and 2006, and even if they did, this should not interfere with their proposed installment agreement. Second, this letter is request for a formal response to our request for an installment agreement dated June 11, 2013. . . ." ECF No. 1-3 at 1.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 22

do not include "[t]he dollar amount of the claim, including any
damages that have not yet been incurred but which are reasonably
foreseeable," 26 C.F.R. § 301.7433-1(e), as the applicable
regulation requires. The $100,000 requested in the Complaint is
not referenced in any of the correspondence with the VIBIR.
Further, 26 C.F.R. § 301.7433-1(e) requires that the Hassens
present to the taxing authority "[t]he grounds, in reasonable
detail, for the claim. . . ." *Id.* In the Amended Complaint, the
Hassens request "damages not exceeding $100,000.00 *if the
VIBIR's conduct is determined to be the result of negligence*[.]"
*Am. Compl.* at 6 (emphasis not in original). In the
correspondence with the VIBIR, there is no reference of
negligence. Further, 26 C.F.R. § 301.7433-1(e) requires that the
VIBIR be presented with "[t]he name, current address, current
home and work telephone numbers and any convenient times to be
contacted, and taxpayer identification number of the taxpayer
making the claim[.]" That information also is not present. In
short, the documentation attached to the Complaint does not
include the essential information that constitutes an
administrative claim. *See generally* 26 C.F.R. § 301.7433-1(e).
Thus, the allegations in the Hassens' Complaint and the
attachments thereto are legally deficient.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 23

Moreover, to comply with 26 C.F.R. § 301.7433-1(e), an administrative claim must "be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*.

The Hassens allege that "[f]urther attempts by the Plaintiff to exhaust administrative remedies would be futile. . . ." *Am. Compl.*, ECF No. 13 at ¶ 32. They assert that the position of Compliance Technical Support Manager does not exist. *Resp. to Def.'s Mot. to Dismiss*, ECF No. 19, at 3. As such, it would be impossible for the Hassens to comply with the requirements of 26 C.F.R. § 301.7433-1(e). *See id*.

"In a ruling published in 1935, the Bureau of Internal Revenue noted that in construing the taxing statute applicable in the Virgin Islands, it will, of course, be necessary in some sections of the law to substitute the words Virgin Islands for the words United States, in order to give the [IRC] proper effect in those islands." *See Chi. Bridge & Iron Co. v. Wheatley*, 430 F.2d 973, 561 (3d Cir. 1970)(internal quotations omitted) *cert. denied*, 401 U.S. 910. Courts interpreting a substantively similar Guamanian tax statute have held "that the literal terms of the Internal Revenue Code should be modified only by those nonsubstantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 24

involved." *Id.* at 562 (internal quotations omitted)(collecting

cases).

> In 1958 Congress amended section 31 of the
> Organic Act of Guam to clarify the separate
> territorial income tax structure. In an
> explanatory note accompanying its
> recommendation that the amendments to section
> 31 be approved, the Committee on Interior and
> Insular Affairs recognized the similarity of
> the income tax structures of Guam and the
> Virgin Islands and indicated that the
> amendments would be in accordance with a
> number of authoritative pronouncements, among
> them the ruling of the Bureau of Internal
> Revenue that the same principles of
> substitution were applicable to the revenue
> laws of both possessions. The amendments
> limited incorporation of the Internal Revenue
> Code in Guam to those provisions 'not
> manifestly inapplicable or incompatible' with
> a separate territorial income tax, and
> provided for the substitution of 'Guam' for
> 'United States' and 'other changes in
> nomenclature and other language, including the
> omission of inapplicable language, where
> necessary to effect the intent of this
> section.' 48 U.S.C. § 1421i(d)(1) & (e)
> (1964). However, the apparent latitude for
> interpretation allowed by the amended statute
> has not changed the basic conception that 'the
> purpose of the amended statute was to give
> Guam a separate, integral tax system, which
> would duplicate the United States' tax system
> in all substantive particulars.' Sayre & Co.
> v. Riddell, 9th Cir. 1968, 395 F.2d 407, 410.

*Id.* at 562-63.

Applying that standard, the Court has conducted an

exhaustive search of the applicable federal law and has found no

statute or regulation establishing the position Area Director or

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 25

Compliance Technical Support Manager for the IRS. The Court also

has been unable to locate any authority establishing or

indicating an IRS *or VIBIR* individual serving as an Area

Director for, or Compliance Technical Support Manager in, the

Virgin Islands.[9] After undertaking a similar exhaustive review of

the Virgin Islands Code and Virgin Islands regulations, the

Court has found no provision creating the position entitled

"Area Director," or "Compliance Technical Support Manager."[10]

---

[9] It is not disputed that the Virgin Islands is the area in which the Hassens currently reside.

[10] As part of a motion to dismiss for failure to state a claim, a Court may examine the public record. *Mayer*, 605 F.3d at 230 ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Furthermore, it has been held that a government agency's website qualifies as a matter of public record. *See, e.g.*, *United States v. Iverson*, 818 F.3d 1015, 1021-22 (10th Cir. 2016)("Several courts have ruled that government websites fall within the exception for public records. . . Government records, statements, and reports are continually being placed on the internet to allow easy access to the general public. Their electronic format does not, by itself, prevent them from qualifying as public records.") *cert. denied*, 137 S. Ct. 217; *Kos Pharma., Inc. v. Andrx Corp.*, 369 F.3d 700, 705 n.5 (3d Cir. 2004)("According to records available on the PTO website, a Notice of Allowance for the ALTOPREV mark was issued on February 24, 2004. We may take judicial notice of such public records."). The Court has examined the VIBIR's website. The VIBIR provides taxpayers with interpretational guidance on possible incongruities involving names in the I.R.C. and the structure of the VIBIR. The VIBIR instructs taxpayers that

> All references to the District Director or to the Commissioner of Internal Revenue should be interpreted to mean the Director of the Virgin Islands Bureau of Internal Revenue.  Similarly, all references to the Internal Revenue Service, the Federal Depository, and similar references should be interpreted as the BIR. Directions in forms or in instruction pamphlets that refer to District Directors, the Commissioner of Internal Revenue, the Internal Revenue Service, Federal Depository, and so forth are appropriate for use in the Virgin Islands.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 26

Rather, with respect to the Virgin Islands Code, Title 33
V.I.C. § 680 creates the position of Director of the VIBIR.
Title 33 V.I.C. § 1491 further provides the Director of the
VIBIR with great latitude and authority to resolve claims raised
by taxpayers. The Virgin Islands Code further authorizes the
VIBIR to levy upon a taxpayer's property. *See* 33 V.I.C. § 1051.
The section of the Virgin Islands Code that addresses the
Director's authority to levy does not present a *specific*
administrative procedure to challenge an allegedly wrongful
levy.

Notwithstanding that statutory construct, Title 33, Section
1692 of the Virgin Islands Code *generally* provides a manner by
which a taxpayer *may* administratively challenge a number of the
VIBIR's wrongs, which arguably includes a wrongful levy. That
section provides:

> No action or proceeding shall be maintained in
> any court for the recovery of any internal
> revenue tax alleged to have been erroneously
> or illegally assessed or collected, or of any
> penalty claimed to have been collected without
> authority, or of any sum alleged to have been
> excessive *or in any manner wrongfully*

---

Virgin Islands Bureau of Internal Revenue, *Tax Structure of the United States Virgin Islands*, http://www.vibir.gov/docs/TAX_STRU.htm.

The VIBIR has further explained that "[a] Virgin Islands taxpayer has the same appeal rights concerning disputed income taxes as his or her counterpart does in the United States. The taxpayer is entitled to a 'one level of appeal' hearing, at which the standards and guidelines for settlement are substantially similar to those in the United States." *Id.*

> *collected*, *until a claim* for refund or credit
> *has been duly filed with the Director*. . . .

33 V.I.C. § 1692 (emphasis added). To the extent a wrongful levy

is a wrongful collection, the Hassens' administrative claim

arguably should be directed to the Director of the VIBIR.[11]

Assuming *arguendo* that that is the case, the allegations in the

Hassens' Complaint and its attachments are legally wanting for

yet another reason.

Here, the letters were directed to Ms. Alena Brathwaite.

*Compl., Attach.*, ECF No. 1-2 (June 11, 2013, letter to Alena

Brathwaite); *Compl., Attach.*, ECF No. 1-3 (December 26, 2013,

letter to Alena Brathwaite). Neither the Complaint nor the

applicable laws suggest that she is the Director of the VIBIR,

an IRS Area Director, or a Compliance Technical Support Manager.

*Compl., Attach.*, ECF No. 1-2 (June 11, 2013, letter to Alena

Brathwaite); *Compl., Attach.*, ECF No. 1-3 (December 26, 2013,

---

[11] The term levy is defined by 26 U.S.C. § 6331 as "the power of distraint and seizure by any means." "A collection action generally includes any action taken by the Internal Revenue Service to collect a tax (or any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax) or any action taken by a taxpayer in response to the Internal Revenue Service's act or failure to act in connection with the collection of a tax (including any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax)." 26 C.F.R. § 301.7430-3. At least one United States Court of Appeals has noted, "a levy is by definition an act of tax collection." *Towe Antique Ford Found. v. I.R.S.*, 1995 WL 242328 at *3 (9th Cir. 1995). Given the overlap between the concepts of a wrongful levy and the wrongful collection of income taxes, arguably, the Virgin Islands Code provides that a wrongful levy claim must first be filed with the Director of the VIBIR. *See generally* 33 V.I.C. § 1692.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 28

letter to Alena Brathwaite). Like in *Venen*, the Hassens' letters

were inadequate to initiate administrative review because the

letters were not sent to an Area Director, Compliance Technical

Support Manager, or the functional equivalent (arguably the

Director of the VIBIR); and the letters did "not specify the

grounds for relief." *Venen*, 38 F.3d at 103.

With respect to the Hassens' claim of futility, *Venen* is

instructive. In *Venen*, the Third Circuit held that "[t]he IRS

has not awarded or denied Venen damages on his claims.

Therefore, the IRS has not granted all available administrative

relief and exhaustion would not be futile." *Id.* at 104.

Similarly, here, neither the IRS nor the VIBIR has made a

determination or even offered a response that would conclude

administrative exhaustion.[12]

Finally, to the extent that an Area Director, Compliance

Technical Support Manager, or the functional equivalent does not

exist for the Virgin Islands, it seems that the Hassens urge

this Court to remedy that circumstance by using the Court's

equitable power. That approach has been urged upon the Court in

---

[12] Moreover, courts rarely have the discretion to invoke the doctrine of
futility where, as here, the exhaustion requirement in question is
congressionally mandated. *See Hoogerheide*, 637 F.3d at 639. The *Hoogerhiede*
court held that the court may not "excuse this exhaustion requirement on
futility grounds. . . ." *Id.* (citing *Booth v. Churner,* 532 U.S. 731, 741
(2001)).

a tax case where the taxpayers arguably faced double taxation because of the statutory structure of the income tax system applicable to the Virgin Islands. *See McGrogan v. C.I.R.*, 2011 WL 3472336 (D.V.I. 2011) *aff'd* 718 F.3d 216 (3d Cir. 2013). In that case, the Court cautioned:

> The Court is mindful of the tenet "that no court of equity" should hold fast to the "the empty shell and form of law" while one party suffers unjust enrichment at the hands of another. *Comer v. John Hancock Mut. Life Ins. Co.,* 80 F.2d 413 (8th Cir. 1935). Yet, so too is the Court mindful that "[a] court's equitable power is not an unrestricted license for the court do what it wishes with the legal fact patterns that come before it." *Mortgage Elec. Registration Sys., Inc. v. Church,* 2011 WL 1885975, at *3 (6th Cir May 18, 2011) (quotations and citations omitted). The tax system and its mirrored existence in the Virgin Islands, was a product of Congress' deliberation. The Court would be unwise to employ its equitable powers to disturb the operations of that statutory scheme in these circumstances. *See Ramming v. United States,* 281 F.3d 158, 165 (5th Cir. 2001)(per curiam) ("Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress."); *cf. Lewis v. Federal Prison Indus., Inc.,* 953 F.2d 1277, 1285 (11th Cir. 1992)("[E]quitable powers [of federal courts] cannot be used to expand or override the intent of Congress to provide limited legal remedies.... We should not sanction the district court's use of its equitable powers to frustrate the intent of Congress.").

*Id.* at 10.

*Hassen v. Government of the Virgin Islands*
Civ. No. 15-38
Memorandum Opinion
Page 30

Here, the Hassens have failed to comply with the letter *and the spirit* of Section 7433's exhaustion requirement. The Court is not at liberty to ignore that deficiency.[13] Accordingly, the matter will be dismissed.

S_____

**CURTIS V. GÓMEZ**
**District Judge**

---

[13] The Court hastens to note that even though the Hassens' futility argument does not survive given the state of the law, they are not necessarily precluded from seeking relief elsewhere. To the extent that the Hassens are subjected to inconsistent tax treatment because they are VIBIR taxpayers -- as opposed to direct IRS taxpayers -- the Court previously has pointed out in *McGrogan* that

> The United States and the Virgin Islands have entered into a Tax Implementation Agreement. Article 6 of that Agreement provides:
> When by reason of inconsistent positions taken by the Contracting Governments, a taxpayer is or would be subject to inconsistent tax treatment by the two jurisdictions, the competent authorities of the Contracting Governments shall endeavor to agree upon the facts and circumstances necessary to achieve consistent application of the tax laws of the respective Governments.. . .

*McGrogan*, 2011 WL 3472336, at *10 n.6.